**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEREK HIRT,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:13-cv-00890 |
| | ) | |
| v. | ) | Judge Castillo |
| | ) | Magistrate Judge Kim |
| **ACCOUNTS RECEIVABLE** | ) | |
| **MANAGEMENT PROFESSIONAL,** | ) | |
| **SERVICES, LLC., d/b/a** | ) | |
| **ARM PROFESSIONAL SERVICES,** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, DEREK HIRT, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, ACCOUNTS RECEIVABLE MANAGEMENT PROFESSIONAL SERVICES, LLC., d/b/a ARM PROFESSIONAL SERVICES, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. DEREK HIRT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Effingham, County of Effingham, State of Illinois.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Community Property Management I (hereinafter, "the Debt").

6. The Debt was relative to a bill Plaintiff allegedly owed for a residential apartment lease.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ACCOUNTS RECEIVABLE MANAGEMENT PROFESSIONAL SERVICES, LLC., d/b/a ARM PROFESSIONAL SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Illinois.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     A<small>LLEGATIONS</small>

14. On or about January 11, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left Plaintiff a voicemail message in a further attempt to collect the Debt.

16. At no time during the course of the aforesaid voicemail message Defendant left for Plaintiff, did Defendant state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

17. During the course of the aforesaid voicemail message Defendant left for Plaintiff, Defendant stated that it was contacting Plaintiff regarding an urgent business matter.

18. Defendant was not contacting Plaintiff in regards to an urgent business matter.

19. Defendant was contacting Plaintiff in an attempt to collect the Debt.

20. Defendant's representation to Plaintiff that it was contacting Plaintiff in regards to an urgent business matter was false, deceptive and/or misleading given that Defendant was contacting Plaintiff in an attempt to collect the Debt.

21. On or about January 11, 2012, Plaintiff heard the contents of the aforesaid voicemail message left for him by Defendant.

22. On or about January 11, 2012, subsequent to Plaintiff having heard the aforesaid voicemail message, Plaintiff initiated a telephone call to Defendant.

23. On or about January 11, 2012, Plaintiff and Defendant engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

24. During the course of the aforesaid telephone conversation, Defendant told Plaintiff if he did not pay the Debt then Defendant would "take [Plaintiff] to court."

25. Defendant's representation to Plaintiff that if he did not pay the Debt then Defendant would take Plaintiff to court had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt then Defendant would file a lawsuit against him.

26. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

30. At all relevant times, Plaintiff was residing in the State of Illinois.

31. At all relevant times, Defendant was attempting to collect a Debt from Plaintiff while he was residing in the State of Illinois.

32. At all relevant times there was in full force and effect a statute in the State of Illinois requiring all debt collectors collecting debts in the State of Illinois to be licensed by the Illinois Department of Financial and Professional Regulation.

33. At all relevant times, Defendant was not licensed by the Illinois Department of Financial and Professional Regulation.

34. Defendant's attempts to collect the Debt from Plaintiff in the State of Illinois were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff, as required by the state law.

35. Defendant's representations to Plaintiff that he had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that he had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

36. In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEREK HIRT, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEREK HIRT**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: May 15, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

6